Gould *v.* Gould.

---

EMMA R. GOULD et al.

*v.*

CHARLES J. GOULD et al.

A married woman lent money to her husband for the firm of which he was a member, on his representation that it was borrowed for the firm.—*Held*, that she might recover it from the firm.

---

Bill for relief. On final hearing on pleadings and proofs.

*Mr. C. Parker*, for complainants.

Gould *v.* Gould.

### The Chancellor.

This is a suit by Mrs. Gould, trustee, and her mother, Jeanette Deouil, her *cestui que trust,* to recover $650 of the trust-money lent by Mrs. Gould to her late husband's firm of J. Gould & Sons, May 1st, 1876. The money was borrowed by her husband on the credit of and for his firm for use in their business, as he represented to her when he got the loan. As security he gave her the firm's draft for the amount on the bank in Newark (the firm did business in that city and in New York, and kept bank accounts in both places) in which they kept their account, payable in one year. The firm was dissolved January 1st, 1877. This suit was before the court on demurrer, and the question of the liability of the defendants on the averments of the bill was decided adversely to them. *Gould* v. *Gould, 8 Stew. Eq. 37,* affirmed on appeal, *Id. 562.* The answer denies that the firm was in want of money when the money was borrowed, and denies also that the loan was made at their instance or request. It alleges that the money was lent to Mr. Gould individually, and the draft given by him without the authority, knowledge, or consent of his copartners and for his own debt, and that he borrowed the money and applied it to his own individual purposes; and that Mrs. Gould received the draft for security for what was, as she knew, the private debt of her husband. It also alleges that Mr. Gould paid the draft by the subsequent transfer of valuable real estate to her. The proof sustains the bill. It appears that Mrs Gould for a time refused to lend the money to her husband for his firm, because she apprehended that she could not safely do so for the reason that he was a member of the firm. She consulted counsel on the subject, and was advised that she might safely lend the money to the firm, and she did so accordingly, taking the draft for security. The draft was dated on the day it was given, and the money was paid over on that day, after the draft was made and on the security of it. The $650 may have been appropriated by Mr. Gould to his own purposes. If so, that would not, under the circumstances, affect the complainant's right to recover. She knew nothing of any fraudulent intention (if any there were, in fact) on the part of her husband,

but in good faith lent the money to him for his firm, and on its credit, and for use in its business. Nor is there any proof that the money or any part of it was ever repaid to her. There will be a decree for the complainants.